IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLARD LYNN GANO,

        Plaintiff,

v.                                                                                                         Civil Action No. 5:17-CV-147

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
Social Security Administration

        Defendant.

**REPORT AND RECOMMENDATION**

**I.**     **SUMMARY**

The Plaintiff argues that an Administrative Law Judge's (ALJ) decision denying her application for Supplemental Security Income is not supported by substantial evidence. Specifically, the Plaintiff argues that the ALJ failed to satisfactorily address whether the Plaintiff's cane was medically necessary or affected the Plaintiff's ability to perform light work and the finding that Plaintiff could perform light work was not supported by substantial evidence. However, the ALJ did discuss Plaintiff's use of a cane, and substantial evidence supports his decision.

Therefore, the Court recommends that the Plaintiff's [ECF No. 14] Motion for Summary Judgment be denied and the Commissioner's [ECF No. 17] Motion for Summary Judgment be granted.

**II.**     **PROCEDURAL HISTORY**

On April 2, 2014, the Plaintiff, Willard Lynn Gano, filed a Title II application for a period of disability and Disability Insurance Benefits (DIB). R. 15. In addition, on April 3, 2014 the Plaintiff filed a Title XVI application for Supplemental Security Income (SSI). R. 15. The

Plaintiff's application alleged a disability beginning January 1, 2011. R. 15. The Plaintiff's application was denied on June 19, 2014, and again upon reconsideration on January 22, 2014. R. 15. Thereafter, the Plaintiff filed a request for a hearing on February 16, 2015. R. 15. The Plaintiff, represented by Attorney James Bowman, appeared and testified at a hearing in Petersburg, West Virginia on July 26, 2016. R. 15. The ALJ presided from Charlottesville, Virginia. R. 15. The Plaintiff's daughter, Ashely Gano, and Barry Hensley, Ed.D., a vocational expert ("VE") also testified. R. 15. On September 29, 2016, the ALJ issued an unfavorable decision. R. 31. The Appeals Council denied Plaintiff's request for review of the ALJ's findings on July 21, 2017. R. 1.

On September 18, 2017, the Plaintiff, represented by Attorney Jan Dils, filed a complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying his application. ECF No. 1.

### III. THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairment or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d);

416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do his past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 1, 2011, the alleged onset date. R. 17. At step two, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, Barrett's esophagus, arrhythmias, obesity, borderline intellectual functioning, mood disorder, and somatoform disorder. R. 17. At the third step, the ALJ found that none of the Plaintiff's impairments or any combination of her impairments met or medically equaled the severity of one of the impairments contained in the listings. R. 18. The ALJ then determined that the Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), which generally involves lifting/carrying 20 pounds occasionally and 10 pounds frequently, standing/walking about 6 hours, and sitting about 6 hours in an 8-hour workday. He cannot climb ladders, ropes, or scaffolds, but can perform other

>postural activities, like balancing and stooping, on a less than frequent basis, and he should avoid concentrated exposure to temperature extremes, humidity, wetness, vibration, fumes, odors, dust, gases, poor ventilation, and hazards, like unprotected heights and dangerous moving machinery.  The claimant can handle simple, routine, repetitive tasks not involving strict production quotas or significant reading and writing; sustain attention toward such tasks for 2-hour segments; interact with coworkers, supervisors and the public on an occasional and superficial basis; and respond appropriately to infrequent change in a routine work setting.

R. 22.  At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work.  R. 29.  At step five, the ALJ determined that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform."  R. 30.  Thus, the ALJ found that the Plaintiff was not disabled.  R. 31.

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  All inferences must be viewed in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id*. "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

### V. DISCUSSION

The Plaintiff argues that the ALJ erred by failing to make a finding as to whether Plaintiff's use of a cane is a medical necessity and affects his ability to perform light work. The Plaintiff argues that a finding that Plaintiff's use of a cane was not a medical necessity was not supported by substantial evidence. Furthermore, the Plaintiff argues that a finding that Plaintiff's

use of a cane is a medical necessary would preclude him from performing light work which would render the ALJ's stated RFC for the Plaintiff inapplicable. The Court is not persuaded by this argument.

### A. Substantial Evidence Supported the ALJ's Finding

"Assessing the probative value of competing evidence is quintessentially the role of the fact finder. [The Court] cannot undertake it in the first instance." *Meyer v. Astrue*, 662 F. 3d 700, 707 (4th Cir. 2011). A reviewing court must uphold the factual findings of an ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g). Thus, the sole issue on appeal is whether there is substantial evidence to support the ALJ's decision.

"To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." *Scheuvront v. Berryhill*, 2018 WL 3148230, at *5 (N.D.W.V. Feb. 8, 2018) citing SSR 96-9P, 1996 WL 3744185, at *7. Additionally, the Plaintiff must also make a showing that the need for a hand-held assistive device is continuous for 12 months. *Brewer v. Astrue*, 2012 WL 405090, at *8 (N.D.W.V. Feb. 8, 2012). The Plaintiff bears the burden of making a showing that a cane is medically necessary. *Moss v. Colvin*, 2017 WL 3025818, at *16 (N.D.W.V. May 26, 2017) citing *Richardson v. Califano*, 574 F.2d 802, 804 (4th Cir. 1978) ("Because Plaintiff has not provided any medical documentation indicating that one of his health care providers ordered him to walk with a cane, let alone records establishing the circumstances for which a cane is needed, he has failed to meet his burden of proving that a cane is medically necessary.")

Among the records cited in Plaintiff's Motion for Summary Judgment to aid his position are notes listing an objective of Plaintiff's treatment to be able to ambulate with a cane. R. 1052,

Case 5:17-cv-00147-FPS-JES   Document 19   Filed 08/06/18   Page 7 of 8   PageID #: 1433

1056.  One such visit was after Plaintiff has fallen in his home and injured himself.  This does not indicate either that Plaintiff was ordered to walk with a cane, or to the extent that a cane was to be used, that it had been or would be for a continuous 12 month period.  Other documents cited by the Plaintiff only observe that Plaintiff showed up for an evaluation walking with a cane.  R. 738.  The strongest evidence cited by the Plaintiff is a statement by Dr. Sarbjot Dulai that Plaintiff "does require a cane for assistance", which again does not order him to use a cane.  R. 319.  It also fails to discuss the circumstances and duration for which the doctor deems Plaintiff's use of a cane necessary.  Additionally, Dr. Dulai was a consultative examiner who examined Plaintiff one time and was not a treating doctor.  Even without evidence supporting the opposing view, the Plaintiff's attempt to make a showing of medical documentation indicating any health care provider ordered him to use a cane and that it was needed for a continuous 12 month period is borderline at best.

   Among the evidence supporting the ALJ's finding is a statement by the same treating source that at other times had said an objective for the Plaintiff was to be able to ambulate with a cane.  Indeed, at a later date, the same treater, Dr. Donald Harris, stated that the Planitiff was "ambulating without difficulty." R. 1105.  This was roughly six months after Dr. Harris had last listed ambulating with a cane as an objective for the Plaintiff.  This is damaging to the Plaintiff because it shows that to the extent Dr. Harris believed Plaintiff needed a cane at some point, even though he did not order him to use one, several months later Dr. Harris did not believe Plaintiff needed a cane.  This means Dr. Harris does not account for a continuous 12 month period during which Plaintiff was in need of a cane.  Additionally, roughly seven months prior to Dr. Harris asserting that ambulating with a cane was one of his objectives for the Plaintiff, Freddy Conley, a nurse practitioner, observed no gait instability.  R. 369.  Again, the role of the

7

Court is not to re-weigh the evidence, but simply to determine whether substantial evidence supports the ALJ's findings. *Mastro v. Apfel*, 270 F.3d 171, 176. Accordingly, the Court finds that the ALJ's decision was supported by substantial evidence and should not be disturbed.

## VI.    RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF Nos. 14] Motion for Summary Judgment be **DENIED**; and
2. Commissioner's [ECF No. 17] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 6, 2018                                        */s/ James E. Seibert*
                                                                            JAMES E. SEIBERT
                                                                            U.S. MAGISTRATE JUDGE