IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLARD LYNN GANO,

    Plaintiff,

v.                                  Civil Action No. 5:17CV147
                                                 (STAMP)
NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I. Procedural History

The plaintiff, by counsel, seeks judicial review of the Commissioner's decision to deny his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. ECF. No. 19 at 1. The plaintiff applied for DIB on April 2, 2014 and SSI on April 3, 2014, alleging disability beginning February 1, 2010. ECF No. 19 at 1-2. His prior work experience includes working as a cook, an aide, a medical transporter, and a truck driver, and he alleges that is he unable to work due to the following ailments: (1) depression (2) memory loss, (3) severe body pain, (4) chest pain, (5) acid reflux, (6) high blood pressure, (7) sleep apnea, (8) numbness in body, and (9)

pain in arms. ECF No. 14-1 at 2. His claim was denied initially and again upon reconsideration. ECF No. 19 at 2. The plaintiff then filed a written request for a hearing before an Administrative Law Judge ("ALJ"), and the plaintiff, represented by counsel, appeared and testified at a hearing on July 26, 2016. ECF No. 19 at 2. At the hearing, the plaintiff testified as well as his daughter, a vocational expert. Id. The ALJ issued an unfavorable decision to the plaintiff and the plaintiff appealed. Id. The appeals council denied the plaintiff's request for review, and the plaintiff timely brought his claim before this Court. Id.

The ALJ used a five step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since January 1, 2011, the alleged onset date; (2) the plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; Barrett's esophagus; arrhythmias; obesity; borderline intellectual functioning; mood disorder; and somatoform disorder (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments contained in the listings; (4) the plaintiff is unable to perform any past relevant work; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." ECF No. 19 at

3-4. Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act. ECF No. 19 at 4.

The plaintiff and the defendant both filed motions for summary judgment. ECF No. 14, ECF No. 17, ECF No. 18. The plaintiff's motion for summary judgment argues that the defendant's decision is contrary to law and is not supported by substantial evidence. ECF No. 14 at 1. Specifically, the plaintiff contends that the ALJ erred when he determined that the plaintiff possesses the Residual Functional Capacity ("RFC") to perform light work. The plaintiff requests that the Court reverse the defendant's decision and remand the case in order that the Commissioner may correct the errors made below, specifically with respect to the ALJ's failure to address whether plaintiff's prescribed cane was medically necessary or affected his ability to perform light work. ECF Nos. 14 at 13, 14-1 at 8. The defendant's motion for summary judgment argues that the defendant's decision is supported by substantial evidence. ECF No. 18 at 2-8. Specifically, the defendant argues that substantial evidence supports the ALJ's finding that plaintiff did not have disabling limitations. ECF No. 18 at 5. Accordingly, the defendant requests that this Court affirm the ALJ's decision. ECF No. 18 at 8.

United States Magistrate Judge James E. Seibert entered his report and recommendation on August 6, 2018, to which neither party

3

filed objections. The magistrate judge recommends that this Court grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment. These recommendations are based on the magistrate judge's conclusion that substantial evidence supported the ALJ's finding that the plaintiff is not disabled. ECF No. 19 at 6-8. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because neither party filed objections, this Court will review the magistrate judge's findings and recommendations under the clearly erroneous standard.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held: "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation. In making his recommendations, the magistrate judge found that the ALJ's finding that the plaintiff is not disabled was supported by substantial evidence. ECF No. 19 at 6. The plaintiff argues that the ALJ's finding was erroneous because the ALJ's determination that plaintiff's use of a cane is not a medical necessity that affects his ability to perform light work was not supported by substantial evidence. ECF No. 19 at 5-6. With respect to this argument, the magistrate judge found that in order to find that a hand-held assistive device is medically

5

required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed. ECF No. 19 at 6 (citing Scheuvront v. Berryhill, 2018 WL 3148230, at *5 (N.D. W. Va. Feb. 8, 2018) citing SSR 96-9P, 1996 WL 3744185, at *7). The plaintiff must show that the device is needed for 12 months continuously, and bears the burden to show that it is medically necessary. ECF No. 19 at 6 (citing Brewer v. Astrue, 2012 WL 405090, at *8 (N.D. W. Va. Feb. 8, 2012); Moss v. Colvin, 2017 WL 3025818 at *16 (N.D. W. Va. May 26, 2017) citing Richardson v. Calidano, 574 F.2d 802, 804 (4th Cir. 1978)).

The ALJ determined that this burden was not satisfied, reasoning that

> Among the records cited in Plaintiff's Motion for Summary Judgment to aid his position are notes listing an objective of [p]laintiff's treatment to be able to ambulate with a cane. One such visit was after [p]laintiff has fallen in his home and injured himself. This does not indicate either that [p]laintiff was ordered to walk with a cane, or to the extent that a cane was to be used, that it had been or would be for a continuous 12 month period. Other documents cited by the [p]laintiff only observe that [p]laintiff showed up for an evaluation walking with a cane. The strongest evidence cited by the [p]laintiff by [a doctor] . . . does not order him to use a cane. It also fails to discuss the circumstances and duration for which the doctor deems [p]laintiff's use of a cane necessary. Additionally, [the doctor] . . . examined [p]laintiff one time . . .

ECF. No. 19 at 6-7.

The magistrate judge found that the evidence supports the ALJ's reasoning because the evidence demonstrated that the plaintiff did not need a device and did not account for a continuous 12-month period during which the plaintiff needed a device. ECF No. 19 at 7. The magistrate judge noted that "roughly seven months prior to [a doctor's assertion] that ambulating with a cane was one of his objectives for the Plaintiff . . . a nurse practitioner, observed no gait instability." ECF No. 19 at 7. Accordingly, the magistrate judge found that the ALJ's decision was supported by substantial evidence and should not be disturbed. ECF No. 19 at 8.

IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation (ECF No. 19) is hereby AFFIRMED and ADOPTED. Thus, the defendant's motion for summary judgment (ECF No. 17) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 14) is DENIED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 28, 2018

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE